No. 3782

Second Circuit

## KNAUF v. HARTFORD FIRE INSURANCE COMPANY

(July 5, 1930. Opinion and Decree.)

Peterman, Dear & Peterman, of Alexandria, attorneys for plaintiff, appellant.

John C. Hollingsworth, of New Orleans, and Hawthorn & Stafford and J. L. Pitts, Jr., of Alexandria, attorneys for defendant, appellee.

WEBB, J. Defendant, Hartford Fire Insurance Company, in consideration of a premium to be paid in installments, issued to plaintiff, D. F. Knauf, a fire insurance policy, covering certain buildings, etc., for the period beginning June 1, 1925, and ending June 1, 1930.

Some of the property was destroyed by fire on July 22, 1928, and the present action was instituted on the policy to recover for the loss.

The contract provided that:

"It is expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned while any installment of the installment note, given for premium upon this policy, remains past due and unpaid. * * * The company may collect, by suit or otherwise, any past due notes or installments thereof, and a receipt from the said Atlanta office of the company for the payment of past due notes or installments must be received by the assured, before there can be a revival of the policy, such revival to begin from the time of said payment, and in no case to carry the insurance beyond the end of the original term of this policy."

And plaintiff having alleged that the installment stipulated in the contract to be paid on June 1, 1928, had not been paid, defendant excepted that the petition failed to state a cause of action, and plaintiff appeals from a judgment sustaining the exception and dismissing his suit.

Appellant does not contend that the stipulation quoted was invalid, but that it was

not self-operating, and that, in the absence of notice of suspension, the policy remained in full force and effect; and he urges that, as he alleged there was not any notice given of the suspension, the court erred in maintaining the exception of no cause of action.

And, in this connection, appellant further urges that the stipulation quoted should be read in connection with the stipulation for cancellation of the policy and especially with the stipulation reading: "This policy shall be cancelled at any time at the request of the insured; or by the company by giving five days' notice of such cancellation," etc. And he also urges that the contract should be strictly construed in favor of the insured, citing Brown vs. North River Ins. Co., 144 La. 504, 80 So. 674; Corporation of Roman Catholic Church vs. Royal Ins. Co., 158 La. 601, 104 So. 383; and German Fire Ins. Co. vs. Tooley, 9 Orleans App. 78.

We do not think the provision requiring notice to be given before cancelling the policy can be read into the stipulation relative to the suspension of the policy, and appellant does not suggest that there is any ambiguity in the latter stipulation, but, as we gather from the brief, he contends that, in the absence of an express stipulation that the contract would be ipso facto suspended on non-payment of any installment due on the premium, affirmative action on the part of the insurer was necessary to give effect to the stipulation.

There is not any decision cited from this state in which the question has been presented, but the great weight of authority in other jurisdictions is that such a stipulation is self-operating and that the insurer is not required to declare the contract suspended. Continental Ins. Co. vs. Stratton, 185 Ky. 523, 215 S. W. 416, 8 A. L. R. 391, and note page 395. Also Kerr, Insurance, secs. 131-130; Joyce, Insurance, vol. 3, sec. 2310.

Plaintiff's petition shows that he was aware a payment was due on the premium, and there is not any circumstance or fact alleged which it is claimed rendered it necessary that the insurer should have given notice that the payment was past due or that the policy was suspended.

The judgment appealed from is therefore affirmed.